IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kela Lige El,                          :

    Plaintiff,                    :          Case No. 2:14-cv-221

  v.                                   :

United States,                         :          JUDGE JAMES L. GRAHAM
                                                                  Magistrate Judge Kemp

    Defendant.                    :

REPORT AND RECOMMENDATION

    Plaintiff Kela Lige El submitted a request for leave to proceed in forma pauperis and a proposed civil complaint seeking relief against the United States.  Ms. Lige El qualifies financially for a waiver of the filing fee, and the motion for leave to proceed in forma pauperis (doc. 1) is therefore granted. The issue now before the Court is whether the complaint survives an initial screening pursuant to 28 U.S.C. §1915(e).  For the following reasons, it will be recommended that the case be dismissed.

I. Background

    Ms. Lige El's complaint seeks mandamus relief, asking this Court to order Congress to act in response to documents which she allegedly submitted to Congress on January 7, 2013.  More specifically, Ms. Lige El states that "she submitted several documents to Congress in order to be released from the wardship imposed upon her by said body, [and] to have her natural, innate, indigenous status restored to Moorish American." (Doc. 1, Ex. 1 at 3) (alteration in original).  She asserts that, although more than a year has elapsed since she filed the documents, "Congress has not restored [her] status." Id.  Consequently, she argues that "mandamus must issue" because she "remains a voluntary ward

of Congress against her will, and against the Laws of the United States." Id.

## II. Legal Standard

The ability to proceed in forma pauperis was established by Congress through 28 U.S.C. §1915 in order to provide greater means of access to the judicial system for the indigent. Denton v. Hernandez, 504 U.S. 25, 31 (1992). The statute allows, with proper showing of financial need, a petitioner to proceed in an action "without prepayment of fees or security thereof." 28 U.S.C. §1915(a)(1). However, 28 U.S.C. §1915(e)(2) requires the Court to "dismiss the case at any time if the court determines that …(B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A suit is frivolous if it lacks any arguable foundation in either fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted, if, after accepting as true all well-pleaded allegations of the complaint, the allegations do not "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court is mindful that pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972); see also Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). It is with these standards in mind that the Court conducts its initial screening of the complaint.

## III. Discussion

28 U.S.C. §1361, provides the district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Supreme Court has recognized that the remedy of mandamus "is a drastic one, to be

invoked only in extraordinary situations." Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Consequently, a writ of mandamus may only be issued when the plaintiff has shown that there are no other adequate means to attain the relief desired, the right to the issuance of the writ is "clear and indisputable," and "the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (quoting Cheney v. United States Dist. Court for D.C., 542 U.S. 367, 380-81 (2004)).

Here, it is apparent from the complaint that Ms. Lige El does not have a clear and indisputable right to a writ of mandamus. Other courts have examined whether a writ of mandamus should issue based upon an individual's status as a "Moorish American" citizen and have uniformly denied such relief. See, e.g., In re Bey, 532 Fed. Appx. 46, 46 (3d Cir. 2013) (denying petition for writ of mandamus compelling the Superior Court of New Jersey to dismiss a criminal proceeding against petitioner for lack of jurisdiction based upon his argument that he is a "Moorish American" citizen); see also Ali v. State Police of Pennsylvania, 378 F. Supp. 888, 889 (E.D. Pa. 1974)(dismissing actions seeking mandamus relief based upon "a narrative statement of certain beliefs of the plaintiffs, who describe themselves as . . . 'Moorish American'"); El-Bey v. United States, No. 1:08-CV-151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009)(finding claims based on membership in Moorish Nation to be frivolous).

At a minimum, in order to state a claim under 28 U.S.C. §1361, a plaintiff must identify an officer or employee of the United States with a clear legal duty to grant the requested relief. See Ali, 378 F. Supp. at 889 (§1361 creates "jurisdiction in the district courts for the issuance of writs of mandamus, but only with respect to officers or employees of the United States"). Further, even if an appropriate officer of the

United States is identified, mandamus "will issue only where the duty to be performed is ministerial and the obligation to act [is] peremptory and plainly defined.  The law must not only authorize the demanded action, but require it . . . " United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 420 (1931).

This Court is unaware of any officer or employee of the United States charged with restoring individuals to Moorish American status.  Additionally, Ms. Lige El has not cited to any statutory or constitutional provision which plainly defines such a duty on the part of Congress or any other governmental body or officer, and the Court's research has not located such a provision.  Simply put, the complaint does not plausibly plead the existence of a clear, indisputable, and ministerial duty on Congress' part to recognize or validate Ms. Lige El's claim to Moorish American status.  Accordingly, it will be recommended that the complaint be dismissed for failure to state a claim.

### IV. Recommended Disposition

For the reason stated above, it is recommended that the complaint be dismissed for failure to state a claim.  If this recommendation is adopted, a copy of the complaint, the Report and Recommendation, and the dismissal order should be mailed to the defendant.

### V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper

4

objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                      /s/ Terence P. Kemp  
                                    United States Magistrate Judge