IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kela Lige El,

    Plaintiff,

  v.                           Case No. 2:14-cv-221

United States,

    Defendant.

ORDER

    Plaintiff Kela Lige El has filed a complaint seeking a petition for writ of mandamus against the United States. Plaintiff seeks an order directing Congress to act in response to documents she allegedly submitted to Congress on January 7, 2013, in which she requested that she "have her natural, innate, indigenous status restored to Moorish American." Doc. 1, Ex. 1, p. 3.

    This matter is before the court for consideration of the magistrate judge's March 31, 2014, report and recommendation. See Doc. 2. The magistrate judge conducted an initial screen of plaintiff's complaint as required by 28 U.S.C. §1915(e)(2) and recommended that this action be dismissed for failure to state a claim for which relief may be granted. Doc. 2, p. 4. Plaintiff filed untimely objections to the report and recommendation on April 22, 2014. The court will nonetheless address those objections.

    In considering a party's objections, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him or her to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id. While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Where the facts pleaded do not permit the

2

court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Fed. R. Civ. P. 8(a)(2).  Id.

Under 28 U.S.C. §1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361. "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33,34 (1980).  Mandamus is available only if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.  Carson v. United States Office of Special Counsel, 633 F.3d 487, 491 (6th Cir. 2011).  In his report and recommendation, the magistrate judge concluded that plaintiff failed to show that she had a clear and indisputable right to a writ of mandamus, noting that the complaint failed to identify an officer or employee of the United States with a clear legal duty to restore individuals such as plaintiff to Moorish American status, and that plaintiff had cited no statutory or constitutional provision which imposes such a duty on Congress or any other governmental body or officer.  Doc. 2, pp. 3-4.

In her objections, plaintiff complains that the magistrate judge did not require any officer of the United States to respond to the complaint.  This was not error, as an initial screening pursuant to §1915(e)(2) may take place before an answer is filed by the defendant.  See 28 U.S.C. §1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court determines that— ... (B)

3

the action or appeal— ... (ii) fails to state a claim on which relief may be granted")(emphasis supplied). Plaintiff also contends that she has no other means for pursuing adequate relief. However, because the magistrate judge's report and recommendation did not address this element of a mandamus claim, there is nothing in the report and recommendation to review in regard to that element.

The magistrate judge concluded that "it is apparent from the complaint that Ms. Lige El does not have a clear and indisputable right to a writ of mandamus." Doc. 2, p. 3. The magistrate judge noted decisions in which other courts have concluded that petitioners seeking mandamus relief based on their status as Moorish Americans failed to state a claim for relief. Plaintiff argues that those cases are distinguishable, in that she is not seeking relief in a criminal proceeding, and does not claim to be a "Moorish American Citizen." Although the cases cited by the magistrate judge involved different fact patterns, they are nonetheless instructive. In any event, the magistrate judge correctly recited the legal requirements for establishing a right to relief in mandamus in the instant case. The magistrate judge noted in particular that mandamus "'will issue only where the duty to be performed is ministerial and the obligation to act [is] peremptory and plainly defined. The law must not only authorize the demanded action, but require it[.]'" Doc. 2, p. 4 (quoting United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 420 (1931)). The magistrate judge concluded that plaintiff failed to plead in her complaint the existence of a "clear, indisputable, and ministerial duty on Congress' part to recognize or validate Ms.

4

Lige El's claim to Moorish American status."  Doc. 2, p. 4.

Plaintiff has named only the "United States" as a defendant in her complaint.  Even assuming that plaintiff is seeking relief from Congress as an entity, the court agrees with the conclusion of the magistrate judge that plaintiff has failed to identify any statutory or constitutional provision which plainly defines a duty on the part of Congress, or, for that matter, any other governmental body or officer, to restore plaintiff's status to that of Moorish American.  In her objections, plaintiff cites to various authorities, arguing that these laws and provisions require Congress to grant her request for Moorish American status.  See Doc. 5, p. 4.  However, none of these authorities establish such a duty on the part of Congress.

To the extent that plaintiff suggests in her objections that the exercise of the constitutional right to petition Congress for relief gives rise to a duty on the part of Congress to grant the petition, see Doc. 5, p. 4, ¶ 5, plaintiff is mistaken.  The constitutional right to petition government does not create in the government a corresponding duty to act or to provide the requested relief.  Stengel v. City of Columbus, 737 F.Supp. 1457, 1459 (S.D.Ohio 1988).  See also Minnesota State Bd. for Community Colleges v. Knight, 465 U.S. 271, 285 (1984)(Petition Clause does not provide a right to government response or official consideration); Smith v. Arkansas State Highway Employees, 441 U.S. 463, 465 (1979)(same); We the People Foundation, Inc. v. United States, 485 F.3d 140, 143-44 (D.C.Cir. 2007)(same).

The court agrees with the conclusion of the magistrate judge that the complaint fails to show that plaintiff has "a clear and

indisputable right to a writ of mandamus" because the complaint "does not plausibly plead the existence of a clear, indisputable, and ministerial duty on Congress' part to recognize or validate Ms. Lige El's claim to Moorish American status." Doc. 2, pp. 3-4. Plaintiff's objections (Doc. 5) are denied. The court adopts and affirms the magistrate judge's report and recommendation (Doc. 2). The complaint is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

    It is so ordered.

Date: April 23, 2014             <u>     s/James L. Graham    </u>
                                                  James L. Graham
                                                  United States District Judge